UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT TACOMA

| | |
|---|---|
| **PHILLIP STENGEL**, | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT AND JURY DEMAND** |
| | ) |
| vs. | ) |
| | ) |
| **PAYNE & HICKEL, INC. P.S.,** | ) |
| **EVERGREEN PROFESSIONAL** | ) |
| **RECOVERIES, INC., and KENNETH A.** | ) |
| **ROSS,** | ) |
| | ) |
| Defendants. | ) |

**NATURE OF ACTION**

1. This is an action brought under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants transact business in this district.

COMPLAINT                                     -1 -                                     WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

# PARTIES

4. Plaintiff, Phillip Stengel ("Plaintiff"), is a natural person who at all relevant times resided in the State of Washington, County of Grays Harbor, and City of Aberdeen.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Payne & Hickel, Inc. P.S. ("Payne"), is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant, Evergreen Professional Recoveries, Inc. ("Evergreen"), is an entity that acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

8. Payne and Evergreen are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

9. Defendant, Kenneth A. Ross ("Mr. Ross"), is the CEO of Evergreen.

10. Mr. Ross at all relevant times was engaged, including by use of telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

11. Mr. Ross exercises control over the affairs of Evergreen and regularly engages, directly and indirectly, in the collection of debts.

12. As CEO, Mr. Ross exercised significant control over the affairs of a debt collection business through Evergreen and was at all relevant times engaged, directly or indirectly, in the collection of debts through involvement in the affairs of Evergreen.

13. Mr. Ross materially participated in collecting or attempting to collect a debt from Plaintiff.

14. Mr. Ross is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

COMPLAINT

-2 -

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

**FACTUAL ALLEGATIONS**

15. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

16. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes – namely, educational services provided by Grays Harbor College ("Grays") (the "Debt").

17. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

18. In or about July 2012, Plaintiff discovered a negative entry on Plaintiff's credit report, reported by Evergreen for an amount of $583.00 as of June 2012. (See Equifax Credit Report, attached as Exhibit A).

19. Plaintiff sent Evergreen written communication in or about July 24, 2012, and in such communication, disputed the alleged debt and requested verification. (See Dispute Letter, attached as Exhibit B).

20. Evergreen received Plaintiff's dispute and request for verification on August 1, 2012 at 1:58 P.M. (See USPS Delivery Confirmation, attached as Exhibit C).

21. Upon information and good-faith belief, Evergreen failed to provide Plaintiff with verification of the Debt.

22. On July 25, 2012, Plaintiff called the original creditor of the Debt, Grays, and

COMPLAINT

-3-

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

made a payment in the amount of $200.00 towards the Debt. (*See* Payment, attached as Exhibit D).

23. On July 27, 2012, Plaintiff spoke with Mr. Ross over the phone.

24. Plaintiff disputed the Debt and stated that he believed that Evergreen had violated his consumer rights under the law.

25. During the phone conversation, Mr. Ross threatened that if Plaintiff sued Evergreen for violating his consumer rights that he would make Plaintiff's life hard.

26. In connection with the collection of the Debt, Payne, on behalf of Evergreen, filed a complaint against Plaintiff attempting to collect the debt allegedly owed to Grays on September 24, 2012, and in the complaint sought to collect:

> [t]he principal balance of $582.90, prejudgment interest of $24.14 and for court costs: statutory attorney fees of $200.00, filing fee of $83.00, and *ex parte* fee of $10.00 estimated service fee of $40.00, for a total of $940.04 plus interest to date of judgment.

(See Complaint, attached as Exhibit E).

27. In its September 24, 2012 complaint, Payne and Evergreen falsely represented the amount of Plaintiff's alleged debt by not properly crediting Plaintiff's payment of $200.00 towards the principal balance.

28. On November 16, 2012, in connection with the collection of the Debt, Payne contacted Plaintiff via email with a demand for payment. (See Email Correspondence, attached as Exhibit F).

29. Payne's November 16, 2012 email to Plaintiff was Payne's first communication with Plaintiff made in connection with the collection of the Debt that was not a legal pleading.

30. Payne's November 16, 2012 email failed to disclose that the communication was from a debt collector, that it was an attempt to collect a debt, and that any information obtained

COMPLAINT                                    -4 -                          WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

would be used for that purpose.

31. Payne's initial communication with Plaintiff failed to provide the disclosures required by 15 U.S.C. § 1692g(a).

32. Payne did not send Plaintiff the disclosures required by 15 U.S.C. § 1692g(a) in writing within five days after its initial communication with Plaintiff.

33. On November 26, 2012, Plaintiff responded to Payne's email by instructing Payne to contact his attorney, and provided Payne with Weisberg & Meyers, LLC's ("W&M") name, address, and phone number. (Exhibit F).

34. Subsequently, Payne contacted Plaintiff's counsel and left a message requesting to know if W&M represented Plaintiff.

35. On December 3, 2012, an attorney with W&M returned Payne's call and left a message explaining that Plaintiff had retained W&M with respect to claims for violations of his consumer rights, and that while Plaintiff had not retained W&M for the purpose of making an appearance in the state court collection suit that Payne and Evergreen had filed against Plaintiff, Plaintiff provided W&M with authority to discuss a settlement of the Debt, and Payne could contact W&M for that purpose.

36. On December 4, 2012, Payne sent Plaintiff an email stating he was told that W&M was "not representing you in this matter and that I should contact you. Consequently I would appreciate a response . . . ." (Exhibit F).

37. Plaintiff responded to Payne's email agreeing to accept the settlement offer in exchange for dismissal of the collection suit, but that he would sign a general release.

38. On December 4, 2012, Mr. Ross, on behalf of Evergreen, sent an email to Payne on which he copied Plaintiff, stating: "Go ahead and settle the account, but rest assured should

COMPLAINT

-5-

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

Mr. Stengel attempt to have Weisberg & Meyers extort money from me for any bogus claims I will counter sue for malicious prosecution. I have already brought Kim into the mix she is very familiar with Weisberg & Meyers, she will conduct an in-depth defense and ask for damages." (See Email Correspondence, attached as Exhibit G).

39.     On December 5, 2012, at 8:42 am, Plaintiff responded to the email he had been copied on, and told Payne to discuss all settlement talks of the Debt with W&M. (See Email Correspondence, attached Exhibit H).

40.     On December 5, 2012, at 9:06 am, Plaintiff sent another email to both Mr. Ross and Payne, stating: "One more thing I would appreciate it if Payne & Hickel, Evergreen Professional Recoveries cease all communications directly with me. You can contact Weisberg & Meyers about the matter at hand." (See Email Correspondence, attached as Exhibit I).

41.     On December 5, 2012, at 2:42 pm, Payne sent written communication by email directly to Plaintiff in connection with the collection of the Debt. (See Email Correspondence, attached as Exhibit J).

42.     Immediately thereafter, Plaintiff reiterated his written request that Defendants cease any further direct communications with him. (See Email Correspondence, attached as Exhibit K).

43.     At no point did Plaintiff or W&M provide Payne with consent to contact Plaintiff directly.

44.     W&M did not fail to respond to any communications from Payne within a reasonable period of time.

45.     Defendants' actions constitute conduct highly offensive to a reasonable person.

COMPLAINT                                           -6 -                              WEISBERG & MEYERS, LLC
                                                                                      3877 N. Deer Lake Rd.
                                                                                      Loon Lake, WA 99148
                                                                                      509-232-1882
                                                                                      866-565-1327 facsimile
                                                                                      jrobbins@AttorneysForConsumers.com

# COUNT I
## VIOLATION OF 15 U.S.C. § 1692c(a)(2)
## ALL DEFENDANTS

46. Plaintiff repeats and re-alleges each and every factual allegation contained above.

47. Payne violated 15 U.S.C. § 1692c(a)(2) by communicating directly with Plaintiff in connection with the collection of a debt without Plaintiff's prior consent or the express permission of a court of competent jurisdiction, when Defendants had knowledge that Plaintiff was represented by counsel, and where Plaintiff's counsel did not fail to respond within a reasonable period of time to any communications from Defendants and did not provide Defendants with consent to directly communicate with Plaintiff.

48. Evergreen and Ross, by virtue of their status as "debt collectors" under the FDCPA, are liable for actions of Payne, the debt collector hired to collect an alleged debt from Plaintiff on their behalf, and where Ross also had knowledge that Plaintiff was represented.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692c(a)(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

COMPLAINT                                   -7 -                          WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

**COUNT II**
**VIOLATION OF 15 U.S.C. § 1692d**
**DEFENDANTS EVERGREEN AND ROSS**

49. Plaintiff repeats and re-alleges each and every factual allegation contained above.

50. Evergreen and Ross violated 15 U.S.C. § 1692d engaging in conduct the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt, including when Mr. Ross stated he would make Plaintiff's life hard if Plaintiff sought to exercise his rights under consumer protection laws.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants Evergreen and Ross violated 15 U.S.C. § 1692d;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT III**
**VIOLATION OF 15 U.S.C. § 1692e(2)(A)**
**ALL DEFENDANTS**

51. Plaintiff repeats and re-alleges each and every factual allegation contained above.

52. Payne and Evergreen violated 15 U.S.C. § 1692e(2)(A) by falsely representing

COMPLAINT                                    -8 -                         WEISBERG & MEYERS, LLC
                                                                          3877 N. Deer Lake Rd.
                                                                          Loon Lake, WA 99148
                                                                          509-232-1882
                                                                          866-565-1327 facsimile
                                                                          jrobbins@AttorneysForConsumers.com

the character, amount, or legal status of Plaintiff's alleged debt, including in the state court complaint.

53. Mr. Ross is personally liable for Evergreen's conduct, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of Evergreen's debt collection business, his responsibility for day-to-day supervision of Evergreen's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of Evergreen's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendants violated 15 U.S.C. § 1692e(2)(A);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

   e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

   f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT IV
### VIOLATION OF 15 U.S.C. § 1692e(10)
### ALL DEFENDANTS

54. Plaintiff repeats and re-alleges each and every factual allegation contained above.

55. Payne violated 15 U.S.C. § 1692e(10) by using false representations or

COMPLAINT                                        -9-                       WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

deceptive practices in connection with the collection of an alleged debt, including, but not limited to: misrepresenting the amount of Plaintiff's alleged debt and falsely representing that W&M had told Payne to contact Plaintiff directly to discuss settlement of the debt.

56.  Evergreen and Ross, by virtue of their status as "debt collectors" under the FDCPA, are liable for actions of Payne, the debt collector hired to collect an alleged debt from Plaintiff on their behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT V
### VIOLATION OF 15 U.S.C. § 1692e(11)
### ALL DEFENDANTS

57.  Plaintiff repeats and re-alleges each and every factual allegation contained above.

58.  Payne violated 15 U.S.C. § 1692e(11) by failing to disclose in the initial written communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and by failing to disclose in subsequent

COMPLAINT                                                     -10 -

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

communications that the communication is from a debt collector.

59. Evergreen and Ross, by virtue of their status as "debt collectors" under the FDCPA, are liable for actions of Payne, the debt collector hired to collect an alleged debt from Plaintiff on their behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF 15 U.S.C. § 1692g(a)
## ALL DEFENDANTS

60. Plaintiff repeats and re-alleges each and every factual allegation contained above.

61. Payne violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff with the disclosures required by 15 U.S.C. § 1692g(a), either in its initial communication with Plaintiff or within five days thereafter.

62. Evergreen and Ross, by virtue of their status as "debt collectors" under the FDCPA, are liable for actions of Payne, the debt collector hired to collect an alleged debt from

COMPLAINT                                        -11 -                          WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

Plaintiff on their behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692g(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

### TRIAL BY JURY

63. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 12th day of December, 2012.

s/Jon N. Robbins
Jon N. Robbins WSB#28991
WEISBERG & MEYERS, LLC
Attorney for Plaintiff

COMPLAINT              -12-              WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com